JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} On January 21, 2009, the relator, Joan Hall, commenced this procedendo or mandamus action against the respondent, Judge Nancy Fuerst, to compel the judge "to rule on the forfeiture petition to determine the status of her property." (¶ 10 of the petition.) In the underlying case, State of Ohio v. Joan Hall, Cuyahoga County Common Pleas Court Case No. CR-475449, in mid-2007, the trial court found Hall guilty of 74 counts, including forgery, tampering with records, engaging in a pattern of corrupt activity, possession of criminal tools, theft, trafficking in food stamps, and money laundering and sentenced her to seven years in prison. Hall alleges that almost all of her personal property, including the contents of her house and safe deposit boxes and bank accounts, were seized to be able to make restitution to the victims. In September 2007, the trial court commenced a forfeiture *Page 3 
hearing regarding this property. However, Hall avers that the court never completed the hearing and that much of her property remains in the possession of the court, but its final status remains unresolved.
 {¶ 2} On February 10, 2009, the respondent judge, through the Cuyahgoa County Prosecutor, moved for summary judgment on the grounds of mootness. Attached to the dispositive motion was a certified copy of a February 9, 2009 journal entry which stated as follows:
 Hearing held 9/12/07 on state's motion for forfeiture. Based upon evidence adduced at hearing the state's motion is granted in part and denied in part.
 All US.S (sic) currency seized by law enforcement and investment accounts (presently liquidated) are subject to forfeiture. All other personal property held in storage in Richmond Heights and or with the prosecutor or its agents, as listed in state's motion for forfeiture are to be released to Joan Hall and/or her authorized agent.
 All monies forfeited shall be distributed in accordance with this court's 8/16/07 judgment entry.
 {¶ 3} Hall never filed a response to the judge's motion for summary judgment.
 {¶ 4} The judge's February 9, 2009 order resolves the forfeiture matter and renders th writ action moot.
 {¶ 5} Accordingly, this court grants the respondent's motion for summary judgment an denies Hall's application for a writ of procedendo or in the alternative mandamus. Cos assessed against the relator. The clerk is directed to serve upon the parties notice of th judgment and its date of entry upon the journal. Civ. R. 58(B). *Page 4 
ARY EILEEN KILBANE, P.J., and ATRICIA A. BLACKMON, J., CONCUR *Page 1